

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*United States Attorney's Office*
*50 Main Street, Suite 1100*
*White Plains, New York 10606*

November 29, 2023

**BY EMAIL**
The Honorable Victoria Reznik
United States Magistrate Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**MEMO ENDORSED**

Re:   *United States v. Perry Freeman*, **23 MJ 7330**

Dear Judge Reznik:

The defendant in the above-referenced case, Perry Freeman, has not yet been arrested. The Government respectfully requests that the sealed complaint in this case, attached hereto as Exhibit A, be unsealed conditioned upon the arrest of the defendant. The purpose of this request is to enable the Government to notify victims and relatives of the charges upon the defendant's arrest.

The Government further respectfully requests that this letter and any endorsement of it be filed under seal until such time as the sealed complaint in this case is unsealed.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

SO ORDERED.

By:   */s/ Ben Arad*
Ben Arad
Assistant United States Attorney
Southern District of New York
(914) 993-1907

Hon. Victoria Reznik, U.S.M.J.
11/29/23

# EXHIBIT A

AUSAs Michael D. Maimin and Ben Arad

<table>
<tr><td>
UNITED STATES OF AMERICA<br><br>
v.<br><br>
PERRY FREEMAN,<br>
    a/k/a "Perry Darrell,"<br><br>
                Defendant.
</td><td>
23 mj 7330<br>
<strong>SEALED COMPLAINT</strong><br><br>
Violations of 18 U.S.C.<br>
§ 922(g)(1); 21 U.S.C. § 841(a)(1)<br>
& (b)(1)(C)<br><br>
COUNTY OF OFFENSE:<br>
WESTCHESTER
</td></tr>
</table>

SOUTHERN DISTRICT OF NEW YORK, ss.:

James Hannigan, being duly sworn, deposes and says that he is a Detective with the Yorktown Police Department (the "YPD") as well as a Federal Task Force Officer with the Drug Enforcement Administration (the "DEA"), and charges as follows:

### COUNT ONE
### (Distribution of Fentanyl Resulting in Death)

1.    On or about November 10, 2021, in the Southern District of New York, PERRY FREEMAN, a/k/a "Perry Darrell," the defendant, intentionally and knowingly did distribute and did possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and aid and abet the same.

2.    The controlled substance involved in the offense was mixtures and substances containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as Fentanyl.

3.    The use of such controlled substance resulted in the serious bodily injury and death of Brian Cobb on or about November 10, 2021, in the Town of Mohegan Lake, New York, in violation of 21 U.S.C. § 841(b)(1)(C).

(Title 21, United States Code, Section 841(a)(1) and (b)(1)(C)).

### COUNT TWO
### (Possession of Ammunition by a Convicted Felon)

4.    On or about March 3, 2022, in the Southern District of New York and elsewhere, PERRY FREEMAN, a/k/a "Perry Darrell," the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed ammunition, to wit, (1) two Winchester slug

shotgun shells; and (2) three Winchester buckshot shotgun shells, which ammunition was in and affecting commerce.

(Title 18 U.S.C. § 922(g)(1)).

The bases for my knowledge and for the foregoing charges are, in part, as follows:

5.    I am a Detective with the YPD and a Federal Task Force Officer with the DEA, and I have been personally involved in the investigation of this matter. This affidavit is based in part upon my conversations with other law-enforcement agents and my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

**Perry Freeman Sells Fentanyl to Brian Cobb, Who Overdoses and Dies**

6.    I have reviewed Facebook messages between Brian Cobb and PERRY FREEMAN, a/k/a, "Perry Darrell," the defendant, and reports and photographs relating to Brian Cobb's death, and spoken with law enforcement agents regarding each, and reviewed evidence—described, in part, below—regarding subsequent sales and possession with intent to sell of drugs by FREEMAN, and determined that, on or about November 10, 2021, FREEMAN sold mixtures and substances containing fentanyl to COBB, resulting in COBB's death. In particular:

    a.    I have reviewed Facebook Messenger messages from Brian Cobb's phone for November 10, 2021, between Cobb and FREEMAN, who was listed as "Perry Darrell,"[1] in which Cobb negotiated the purchase of "red bags" of drugs[2] from FREEMAN that day:

| Time | Message from FREEMAN | Message from Cobb |
|---|---|---|
| 9:12:37 am | | Yoo |
| 9:19:32 am | I'm home wassup | |
| 9:19:44 am | | Are u good |

---

[1] According to FREEMAN's criminal history, his full name is "Perry Darrell Freeman." Additionally, as discussed below, PERRY FREEMAN, a/k/a "Perry Darrell," the defendant, used the account listed in the Facebook Messenger messages as "Perry Darrell" to communicate with a confidential informant about selling heroin.

[2] As discussed below, FREEMAN later sold red bags of heroin/fentanyl to a confidential informant.

2

| Time | Message from FREEMAN | Message from Cobb |
|---|---|---|
| 9:21:34 am | I got two left tryna see my man with red bags but kinda broke and shit | |
| 9:21:58 am | Haven't been in touch with Scotty | |
| 9:22:20 am | | I didt call him yet |
| 9:22:43 am | | Is red around |
| 9:24:57 am | Got call him and see but he be wanting me to spend for the whole bundle he don't wanna break down | |
| 9:25:30 am | | How much |
| 9:25:42 am | | Scotty is mia |
| 9:33:30 am | | Can i swing by for two u have and will talk more |
| 9:47:58 am | | Let me now or call me |
| 10:52:04 am | | Yerr |
| 10:53:25 am | | Call me when u can |
| 11:34:57 am | Can't call just come bye birig I'll | |
| 11:35:37 am | | Bring ? |
| 11:43:06 am | | Just stop by |
| 11:47:01 am | | U need something befor I get there |
| 11:59:00 am | | About to pull up |
| 12:00:07 pm | How much you got I gotta call red bags | |
| 12:00:23 pm | I got rid of one I had | |
| 12:00:47 pm | | 60 |
| 12:00:58 pm | | I'm out side should I come in |
| 12:01:20 pm | | 80 |
| 12:01:30 pm | Nah I'm come out | |

b.  According to police reports, on November 10, 2021, at approximately 1:55 pm, the police responded to a report of a burning car in a parking lot in the Town of Mohegan Lake, New York, approximately a three-minute drive from FREEMAN's apartment

3

building, at 3469 Lexington Avenue, in Mohegan Lake, New York. They found a Ford Focus on fire; Cobb was in the driver's seat with his foot on the accelerator pedal. After the fire department put the fire out, Cobb—who was dead—was pulled out. The police also found in or near Cobb's Ford Focus: (i) a package of Narcan; and (ii) Cobb's phone. Investigators determined that the car caught on fire after overheating while the accelerator pedal was depressed for an excessive period of time while the car was in park, *i.e.*, while Cobb was passed out in the driver's seat with his foot on the pedal.

 c. The Westchester County Medical Examiner's Office, which is part of the Westchester Department of Laboratories and Research, performed an autopsy on Cobb. According to a report prepared by the Department of Laboratories and Research, as well as a conversation another law enforcement officer with a member of the Medical Examiner's office, (1) Cobb had lethal levels of both fentanyl and norfentanyl (a metabolite of fentanyl) in his blood; and (2) there was some darkening of Cobb's lungs, which indicated smoke inhalation before his death. Moreover, Cobb's cause of death was certified as both acute fentanyl intoxication and accident.

**Perry Freeman Repeatedly Sells Heroin/Fentanyl to a Confidential Informant**

 7. I have reviewed police reports and an affidavit in support of a search warrant, and spoken to law enforcement officers, and learned that, in early 2022—within months after PERRY FREEMAN, a/k/a "Perry Darrell," the defendant, sold fentanyl in red bags to Cobb, upon which Cobb overdosed and died—FREEMAN sold heroin/fentanyl, often in red glassine envelopes, to a confidential informant,[3] frequently outside of his apartment building in the Town of Mohegan Lake, New York. In particular:

 a. The confidential informant knew FREEMAN and knew someone who had previously purchased heroin from FREEMAN. The confidential informant often communicated with FREEMAN by Facebook Messenger, on which FREEMAN used the "Perry Darrell"

---

[3] The confidential informant initially approached law enforcement and offered to cooperate against PERRY FREEMAN, a/k/a "Perry Darrell," the defendant, because FREEMAN was selling drugs to someone the confidential informant knew, of which the confidential informant disapproved. Additionally, law enforcement paid the confidential informant—a few hundred dollars in total—for purchasing drugs on behalf of law enforcement. The confidential informant has provided law enforcement officials with information that has been corroborated independently in the past.

account. The confidential informant showed law enforcement officers some of those Facebook Messenger messages.

b.   On or about August 5, 2021, the confidential informant contacted FREEMAN on one of FREEMAN's cell phone numbers and asked for $40 worth of heroin. FREEMAN told the confidential informant to meet him at the intersection of Forest Avenue and Cross Lane in the Town of Cortlandt Manor, New York. Law enforcement gave the confidential informant $40, and the confidential informant drove to Forest Avenue and Cross Lane, where FREEMAN walked up, got in the confidential informant's car, and gave the confidential informant three red glassines containing tan powder that was supposed to be heroin as they drove around the block. Shortly thereafter, the confidential informant gave the three red glassines to law enforcement, who found that they weighed approximately 0.6 grams. Law enforcement provided the glassine envelopes from this sale to the Westchester County Department of Laboratories and Research, Division of Forensic Sciences (the "Westchester Lab"), which analyzed the contents of a sample from that sale, and confirmed that the tan powder contained both heroin and fentanyl.

c.   On or about August 25, 2021, the confidential informant arranged with FREEMAN to buy $120 worth of heroin at FREEMAN's apartment building at 3469 Lexington Avenue in the Town of Mohegan Lake, New York. The confidential informant called FREEMAN, who asked if the confidential informant could pick him up in Cortlandt Manor and give him a ride. An undercover officer drove the confidential informant to Cortlandt Manor, where they picked up FREEMAN and drove to the parking lot by FREEMAN's apartment building. FREEMAN explained that he would not sell drugs to the undercover officer. When they got to the parking lot, FREEMAN got out, walked toward some buildings, and, after a few minutes, came out and gestured to the confidential informant to come to him; the confidential informant did so and purchased ten red glassine envelopes containing tan powder that was supposed to be heroin from FREEMAN for $120. The confidential informant then went back to the car and gave the undercover officer the ten red glassine envelopes. Later, on the phone, FREEMAN warned the confidential informant that, if the confidential informant was giving the heroin to the undercover officer, the undercover officer should be careful and should not inject it because it was particularly strong and dangerous. Law enforcement provided the glassine envelopes from this sale to the Westchester Lab, which analyzed the contents of a sample from that sale, and confirmed that the tan powder contained fentanyl.

5

d.    On or about September 8, 2021, the confidential informant arranged with FREEMAN to buy $120 worth of heroin at FREEMAN's apartment building at 3469 Lexington Avenue in the Town of Mohegan Lake, New York. The confidential informant called FREEMAN, who told the confidential informant to meet him in a parking lot by his apartment building. An undercover officer drove the confidential informant to the parking lot, where they parked. A Grey Ford Crown Victoria parked behind them, FREEMAN walked out, got into the back seat of the Crown Victoria, and gestured to the confidential informant to come over to him. The confidential informant got out of the undercover officer's car, walked to the Crown Victoria, purchased ten red glassine envelopes containing tan powder that was supposed to be heroin from FREEMAN for $120, and returned to the undercover officer, to whom the confidential informant gave the glassine envelopes. Law enforcement provided the glassine envelopes from this sale to the Westchester Lab, which analyzed the contents of a sample from that sale, and confirmed that the tan powder contained fentanyl.

e.    On or about January 14, 2022, the confidential informant arranged with FREEMAN to purchase $120 worth of heroin from FREEMAN at FREEMAN's apartment building at 3469 Lexington Avenue in the Town of Mohegan Lake, New York. That day, the confidential informant and an undercover officer drove to the apartment building and parked outside; other law enforcement officers watched what happened. FREEMAN walked out of his apartment, walked up to the car, and leaned in the passenger side window. The confidential informant gave $120 in cash to FREEMAN, and FREEMAN placed ten glassine envelopes containing tan powder that was supposed to be heroin into the car's inside door handle; the confidential informant then gave the glassines to the undercover officer. Law enforcement provided the glassine envelopes from this sale to the Westchester Lab, which analyzed the contents of a sample from that sale, and confirmed that the tan powder contained both heroin and fentanyl.

f.    On or about February 15, 2022, the confidential informant called FREEMAN on a new cell phone number[4] and asked for 10 bags of heroin (also known as a bundle). FREEMAN told the confidential informant to meet him in a parking lot next to FREEMAN's

_____

[4] On or about January 26, 2022, FREEMAN—using the Facebook Messenger account under the name "Perry Darrell"—sent the confidential informant the new cell phone number.

apartment building. Law enforcement agents gave the confidential informant $120 in cash and watched the confidential informant as he bought heroin from FREEMAN. The confidential informant drove to the apartment building and parked in the parking lot. FREEMAN walked out of the apartment building and up to the confidential informant's car, where FREEMAN sold the confidential informant 10 red glassine envelopes of heroin for $120. Shortly thereafter, the confidential informant gave the 10 glassine envelopes to law enforcement officers. Law enforcement provided the glassine envelopes from this sale to the Westchester Lab, which analyzed the contents of a sample from that sale, and confirmed that the tan powder contained both heroin and fentanyl.

### Police Search Perry Freeman's Apartment

8.      I have reviewed police reports relating to, and spoken to law enforcement officers involved in, a search of the apartment of PERRY FREEMAN, a/k/a "Perry Darrell," the defendant, and learned the following, among other things:

a.   On or about February 22, 2022, the Honorable Gary J. Raniolo, Town of Yorktown Justice, issued a search warrant permitting law enforcement officers to search FREEMAN's apartment at 3469 Lexington Avenue, in Mohegan Lake, New York.

b.   On or about March 4, 2022, law enforcement officers executed the search warrant on FREEMAN's apartment at 3469 Lexington Avenue, in Mohegan Lake, New York. Among other things, they found, in a dresser drawer in FREEMAN's bedroom: (i) five Winchester Western shotgun shells (two slug and three buckshot); and (ii) red glassine envelopes containing what appeared to be powder residue that appeared identical to the red glassine envelopes that a confidential informant purchased from FREEMAN on or about August 5, 2021, August 25, 2021, September 8, 2021, and February 15, 2022. Law enforcement also found a digital scale in FREEMAN's bedroom and what appeared to be drugs scattered throughout the apartment.

c.   Following the search, law enforcement officers read FREEMAN his *Miranda* rights and provided him with a *Miranda* waiver form. FREEMAN declined to sign the form, though he did not assert his *Miranda* rights. Later, law enforcement asked FREEMAN if they could take a DNA sample; FREEMAN consented and signed a consent form. While law enforcement was getting a DNA swab from FREEMAN, FREEMAN asked why his wife was under arrest. Law enforcement explained that she was being charged

7

with the drugs found in the apartment; FREEMAN explained that all the items in the apartment—including the drugs and ammunition—where his and that his wife had nothing to do with them.

**Perry Freeman Was Not Allowed to Possess His Ammunition**

9.    I have reviewed the criminal history for PERRY FREEMAN, a/k/a "Perry Darnell," the defendant, and, among other things, learned the following:

a.    On or about May 5, 2008, FREEMAN pleaded guilty in Westchester County Court to criminal possession of a controlled substance in the fifth degree, in violation of N.Y. PENAL LAW § 220.06(5), a Class D felony, and was sentenced, on or about July 14, 2008, to one year's imprisonment.

b.    On or about May 5, 2008, FREEMAN pleaded guilty in Westchester County Court to attempted robbery in the second degree, in violation of N.Y. PENAL LAW § 160.10(2)(B), a Class B felony, and was sentenced, on or about July 14, 2008, to two years' imprisonment.

c.    On or about May 21, 2008, FREEMAN pleaded guilty in Westchester County Court to criminal sale of a controlled substance in the third degree, in violation of N.Y. PENAL LAW § 220.39(1), a Class B felony, and was sentenced, on or about July 2, 2008, to two years' imprisonment.

d.    On or about January 10, 2012, FREEMAN pleaded guilty in Westchester County Court to criminal possession of a controlled substance in the fifth degree, in violation of N.Y. PENAL LAW § 220.06(1), a Class D felony, and was sentenced to 30 months' imprisonment.

e.    On or about December 9, 2016, FREEMAN pleaded guilty in Westchester County Court to criminal sale of a controlled substance in the fifth degree, in violation of N.Y. PENAL LAW § 220.31, a Class D felony, and was sentenced to 30 months' imprisonment. On or about August 8, 2019, upon a violation of the terms of his parole, FREEMAN was resentenced to 780 days' to four years' imprisonment.

f.    On or about December 9, 2016, FREEMAN pleaded guilty in Westchester County Court to criminal possession of a weapon in the third degree, in violation of N.Y. PENAL LAW § 265.02(1), a Class D felony, and was sentenced to two-to-four years' imprisonment.

10.    I have reviewed communications between another law enforcement agent and a special agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, who explained that the Winchester Western shotgun shells found in the apartment of PERRY FREEMAN, a/k/a "Perry Darrell," the defendant, were not manufactured in the State of New York.

WHEREFORE, I respectfully request that a warrant be issued for the arrest of PERRY FREEMAN, a/k/a "Perry Darrell," the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

/s/ James Hannigan by JCM w/permission
JAMES HANNIGAN
Detective
Yorktown Police Department
Task Force Officer
Drug Enforcement Administration

Sworn to me through the transmission of
this Complaint by reliable electronic
means (telephone), this 22nd day of November, 2023.
JM FaceTime

THE HONORABLE JUDITH C. McCARTHY
United States Magistrate Judge
Southern District of New York

9